

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-16-00146-CR

_____

DAVION LATRONE YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 26214

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Davion Latrone Young attempts to appeal his conviction of aggravated sexual assault of a child.[1] This Court is without jurisdiction to consider Young's appeal because he had no right of appeal due to his plea agreement with the State. Moreover, Young waived any right of appeal he might have had otherwise and has not obtained the trial court's permission to appeal.

The trial court's certification of right of appeal filed in this matter shows that this was a plea-bargain case in which Young had no right of appeal. Further, Young specifically waived his right of appeal. The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)  . . . In a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)  those matters that were raised by written motion filed and ruled on before trial, or
>
> > (B)  after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a) (2). The appellate record filed in this matter contains no written motions filed by Young and ruled on before trial. Further, there is no indication in the record that Young obtained the trial court's permission to appeal. To the contrary, the trial court's certification indicates that Young has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2016).

On August 9, 2016, we informed Young of the apparent defect in our jurisdiction over his appeal and afforded him the opportunity to respond and, if possible, to cure such defect. Young did not respond to our letter.

Because Young's plea agreement prevents an appeal and because the trial court's certification correctly indicates that Young is without a right of appeal, we dismiss this appeal for want of jurisdiction.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     August 25, 2016
Date Decided:       August 26, 2016

Do Not Publish